**21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA**

**STATE OF LOUISIANA**

**DOCKET # 20220000258**                                              **DIVISION D**

**IRMA WALKER**

**VERSUS**

**WINN-DIXIE MONTGOMERY, LLC AND WINN-DIXIE STORES, INC.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS PROPOUNDED
BY WINN-DIXIE MONTGOMERY, LLC</u>**

**NOW INTO COURT**, through undersigned counsel comes Plaintiff, Irma Walker, who, in answer and/or objection to the Interrogatories and Requests for Production of Documents propounded by the Defendant, WINN-DIXIE MONTGOMERY, LLC., states as follows:

**<u>GENERAL STATEMENT AND OBJECTIONS</u>**

1.) Plaintiff objects to the Interrogatories to the extent that they ask to discover information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.) Plaintiff objects to the Interrogatories to the extent that they seek to discover information that is protected by the attorney-client privilege, the work product doctrine, and/or was obtained in anticipation of litigation.

3.) Plaintiff objects to the Interrogatories on the basis that they are overly broad and unduly burdensome.

4.) Plaintiff objects to the Interrogatories on the basis that they are premature and/or contain multiple questions.

5.) Plaintiff objects to the Interrogatories on the basis that they are vague, unclear, and ambiguous.

6.) Plaintiff objects to the Interrogatories to the extent that they seek information for a period of time not relevant to the subject matter involved in the pending action, or seek information concerning products and occurrences which are not the subject of the Plaintiff's complaint.

7.) To the extent Plaintiff has agreed to produce documents that are responsive to Defendant's requests, Plaintiff reserves any objections as to the admissibility of those documents at trial.

8.) To the extent Plaintiff had agreed to produce documents that are responsive to Defendant's requests, those documents will be made available for inspection and copying at a time and place mutually convenient for all parties

Plaintiff hereby incorporates by reference the foregoing general statement and objections into her individual Answers to Defendant's Interrogatories and Requests to Plaintiff.

**INTERROGATORY NO. 1:**

Please state the following for the person or persons answering or providing the information to these interrogatories:

a) Your full name;
b) Date of Birth;
c) Residence Address;
d) Social Security Number;
e) Driver's License Number;
f) Medicare/Medicaid Number; and,
g) Current/Last Employer.

**RESPONSE TO INTERROGATORY NO.1**

a) Irma Walker
b) 05-05-1959
c) 506 West Magnolia Street, Amite, LA 70422
d) 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
e) LA 005341323
f) Medicare Number - *****1879TA, Humana Gold Plus No. H45748030, Medicaid Number 777002494437205
g) Ms. Walker is unemployed and was unemployed at the time of the incident on July 2, 2021.

**INTERROGATORY NO. 2:**

Have you ever made a claim for damages and/or filed any lawsuit?  If so, please describe the nature of the claim; the date of the claim; where the claim was filed; and the pending status or resolution of the claim.

**RESPONSE INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as overly broad, as she cannot possibly recall every single specific detail and it is not limited to the time periods and body parts at issue.  Plaintiff defers to her medical records and treating physicians to determine the specifics of said injuries and the treatment relating to same. Without waiving these objections, to the best of the Plaintiff's present recollection, the Plaintiff responds as follows:  Plaintiff does not recall asserting any other claims for personal injuries.

Plaintiff reserves the right to supplement this response as additional relevant information is recalled or discovered through the course of discovery and/or investigation.

**INTERROGATORY NO. 3:**

If you are married, or have ever been married, list the full name, address, and place of employment of your spouse (and any ex- spouses).

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory is not likely to lead to the discovery of relevant, admissible evidence as it seeks.  Subject to the aforementioned object and without waiving same, Ms. Walker is not married.

**INTERROGATORY NO. 4:**

If you have any children, list their names, dates of birth, and current addresses.

**RESPONE TO INTERROGATORY NO. 4**

Plaintiff objects to this Interrogatory is not likely to lead to the discovery of relevant, admissible evidence as it seeks. Subject to the aforementioned object and without waiving same, Ms. Walker does not have any children.

**INTERROGATORY NO. 5:**

Please state whether you have ever been arrested or convicted of a crime.  If so, give details as to the nature of the crime, when and where the crime occurred, and the disposition of the arrest or conviction.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiff objects to this Interrogatory is not likely to lead to the discovery of relevant, admissible evidence as it is not limited to the convictions deemed admissible and probative as to credibility.  Subject to the aforementioned objection and without waiving same, Plaintiff has not been convicted of a felony in the past ten years and has never been convicted of fraud or forgery.

**INTERROGATORY NO. 6:**

Please provide a description of the alleged incident forming the basis of your lawsuit in complete chronological detail, giving full details including date, time, location within the store, and how the incident occurred.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiff objects to this Interrogatory as overly broad and seeks a narrative response for which depositions are the appropriate discovery method. Without waiving the objection, plaintiff responds as follows and reserves the right to supplement or amend this response:

On or about July 2, 2021, Ms. Walker was at the premises as a patron of Winn-Dixie. A Winn-Dixie employee negligently pushed a cart carrying ice that was leaking ice and water as the employee pushed the cart. Puddles of ice and water accumulated in the paths and areas traveled. Ms. Walker entered the area of the accumulated ice puddles while shopping, which caused her to slip and fall.

**INTERROGATORY NO. 7:**

Please identify the condition on the premises that you allege caused you to be injured.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory as overly broad and seeks a narrative response for which depositions are the appropriate discovery method. Without waiving the objection, plaintiff responds as follows and reserves the right to supplement or amend this response:

Puddles of ice and water accumulated in the area where the Winn-Dixie employee made passes with the cart he was pushing. These leaks, puddles, and ice were unreasonably dangerous hazards that created a foreseeable risk of slipping and falling to patrons.

**INTERROGATORY NO. 8:**

Have any statements been taken of any individuals who you believe may have witnessed the events forming the basis of your lawsuit? If so, please state the name of the individual giving such statement, to whom the statement was given, the date such statement was given, and whether the statement was written or recorded. For any recorded or written statement, please identify the individual who presently possesses a copy or recording of the statement.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This Interrogatory seeks to discover information that is protected by the attorney-client privilege, the work product doctrine, and/or was obtained in anticipation of litigation.

**INTERROGATORY NO. 9:**

Please state the name, address, and telephone number of any person or persons who has any knowledge concerning the incident sued upon herein, with a statement as to their knowledge, and/or the nature or extent of injuries sustained by you, or other facts relevant to this action.

**RESPONSE TO INTERROGATORY NO. 9:**

This request is premature as discovery has only just begun and Plaintiff continues to investigate the subject incident. Additional information is expected to be discovered regarding this request following the deposition of Defendants and in Defendants' discovery responses. Defendants are, after all, the sole custodians of most of the information regarding the matter. Without waiving these objections, Plaintiff states that the following people are believed to have witnessed the incident or accident scene at or near the times relevant to this case, or otherwise directly observed Plaintiff's fall: Joy Stokes. Ms. Stokes' address is 702 South Bay Street, Amite, LA, 70422, and her telephone number is 985-474-2156.

Plaintiff reserves the right to supplement this response as additional relevant information is recalled or discovered through the course of discovery and/or investigation.

**INTERROGATORY NO. 10:**

Please state the exact time and date, and to whom, you reported the alleged incident and your alleged injury, and state the substance of that report and conversation.

**RESPONSE TO INTERROGATORY NO. 10:**

The incident happened on July 2, 2021. The Plaintiff does not know the exact time. To the best of Ms. Walker's recollection, the incident occurred in the late afternoon, between 3:00-4:00 p.m.

**INTERROGATORY NO. 11:**

Please list all employers for the past 10 years in reverse chronological order. If you were actively employed for compensation on the date of the accident, then, please state:

a)   The name, address and business of your employer;
b)   The inclusive dates of your employment;
c)   Your rate of pay or the method by which your compensation was determined;
d)   Your gross compensation per month as of the date of the accident; and
e)   Your net take-home pay per month as of the date of the accident.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this request as neither relevant, nor admissible, nor likely to lead to the discovery of admissible information, as Plaintiff is unemployed and was unemployed at the time of the incident on July 2, 2021 and is not making a claim for lost wages.

**INTERROGATORY NO. 12:**

If you have missed work as a result of injuries received in this incident, please state:

a)     Each date on which you were absent from work;
b)     The total number of days or hours loss;
c)     Whether you were paid during your absence, and if so, for what reason and in what amount; and
d)     The total amount of loss wages you are claiming as a result of the accident.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this request as neither relevant, nor admissible, nor likely to lead to the discovery of admissible information, as Plaintiff is unemployed and was unemployed at the time of the incident on July 2, 2021 and is not making a claim for lost wages.

**INTERROGATORY NO. 13:**

Please describe in detail any and all injuries which you allege to have sustained as a result of the incident or occurrence upon which the Petition is based.

**RESPONSE TO INTERROGATORY NO. 13:**

This request is premature as discovery has only just begun and Plaintiff's life continues to be disrupted by the incident.  Further objecting, Plaintiff is not a doctor.  Plaintiff defers to the bills and records of the treating physicians regarding: 1. Reasons for treatment; 2. The conditions and ailments diagnosed; 3. The treatment rendered; and 4. Plaintiff's prognosis.   Without waiving these objections, Plaintiff states: Plaintiff sustained injuries to her body and mind, including injuries to her left knee and her back.  The injuries to Ms. Walker's left knee required her to have surgical reconstruction of her left knee.  The injuries to Ms. Walker's lumbar spine will require an extension of a prior lumbar fusion to include levels L3-4.

**INTERROGATORY NO. 14:**

Please state whether or not you received medical examination or treatment for the alleged injuries received from the accident described in your Petition, and if so, please state the

following:

    a)  The names and addresses of the hospitals, doctor, or health care provider who examined or treated you;

    b)  The date of each such examination or treatment by each doctor, hospital, or health care provider;

    c)  The nature of each such examination or treatment rendered by each doctor or health care provider, and the place where such treatment took place;

    d)  An Itemized list of all medical expenses you have incurred to date as a result of the accident sued upon; and

    e)  The total amount of medical expenses incurred by you in connection with the injuries sustained in the accident described in your petition.

**RESPONSE TO INTERROGATORY NO. 14:**

This request is premature as discovery has only just begun and Plaintiff's life continues to be disrupted by the subject incident. Without waiving these objections, Plaintiff states that she received treatment from the following medical providers in connection with her injuries:

Cypress Pointe Surgical
42570 S. Airport Rd.
Hammond, LA 70404
DOS: Treatment is ongoing
Amount Billed: $22,409.76 (Medicare Adjustment was $0.00, Medicare Payment was $22,114.65, BALANCE STILL OWED: $295.11)
Response will be supplemented.

Cypress Pointe Pain Management
19065 Dr. John Lambert Dr.
Suite 200 A
Hammond, LA 70403
DOS: Treatment is ongoing
Amount Billed: $3,688.00 (Medicare Adjustment was $2,905.69, Medicare Payment was $591.08, Medicaid Adjustment was $56.55, Medicaid Payment was $45.40, BALANCE STILL OWED: $89.28)
Response will be supplemented

Neuromedical Center
10101 Parke Rowe Avenue 3rd Floor
Baton Rouge, LA 70810
DOS: Treatment is ongoing
Amount Billed: $3,063.00 (Medicare Adjustment was $2,461.18, Medicare Payment was $481.45, Medicaid Adjustment was $64.45, Medicaid Payment was $55.92) BALANCE OWED: $0.00
Response will be supplemented.

The Spine Hospital LA
10105 Park Rowe Circle
Baton Rouge, LA 70810
DOS: Treatment is Ongoing
Amount Billed: $10,388.15 (Medicare Adjustment was $9,793.55, Medicare Payment was $475.68, Medicaid Adjustment was $65.85, Medicaid Payment was $53.07) BALANCE OWED: $0.00

Drive In Drugstore
228 S. 1st Street
Amite, LA 70422
DOS: July 22, 2021, August 21, 2021, September 21, 2021, October 19, 2021, November 10, 2021, November 17, 2021, December 18, 2021, January 10, 2022, January 15, 2022 and February 7, 2022
Amount Billed: $255.48 (Patient paid $28.80, Third Party Payment $226.68) BALANCE OWED: $0.00

Internal Medicine Clinic of Tangipahoa
42388 Pelican Professional Park
Hammond, LA 70403
DOS: Treatment is ongoing
Response will be supplemented.

Covington Orthopedic & Sports Medicine Institute
19343 Sunshine Ave.
Covington, LA 70433
DOS: Treatment ongoing
Response will be supplemented.
Affiliated Therapy
2204 Robin Ave.
Hammond, LA 70403
DOS: Treatment ongoing
Response will be supplemented.

**INTERROGATORY NO. 15:**

Please state whether or not you have received a surgical recommendation following the subject accident. If so, please state:

a) The type of surgery and location on your body;
b) The diagnosis and/or reason for the recommended surgery; and
c) The recommending physician

**RESPONSE TO INTERROGATORY NO. 15:**

This request is premature as discovery has only just begun and Plaintiff's life continues to be disrupted by the subject incident. Without waiving these objections, Plaintiff states, yes, surgical reconstruction of her left knee was necessary and has been performed by Dr. Charles Shumacher of Covington Orthopedic & Sports Medicine Institute . An extension of a prior lumbar fusion to include levels L3-4 has been recommended, but not yet performed.

**INTERROGATORY NO. 16:**

List each and every health care provider, including any and all physicians, chiropractors, physical therapists, dentists, hospitals, pharmacy, and any other health care facility for the past ten (10) years and a brief description of treatment for each.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection.   Plaintiff cannot possibly recall the details of every single such medical provider seen for any reason, and for any duration, at any potential time during the responsive period.  Further objecting, to the extent that this request is not limited to the time periods, body parts, and ailments at issue in this lawsuit, it is unduly burdensome and overbroad.  Finally, this request is ambiguous to the extent that the "incidents", "accidents', and medical conditions inquired about are not defined and could therefore, include almost anything.  To the extent this request truly seeks providers who provided such minor routine treatment, it is so overbroad as to defy response.  Without waiving these objections, Plaintiff recalls the following relevant medical providers who provided treatment relevant to the dispute at issue, and who provided treatment probative of Plaintiff's general state of health at the time of the incident:

Dr. Chad Domangue (Pain management - treating for lumbar spine pain and knee pain)
Cypress Pointe Pain Management
19065 Dr. John Lambert Dr.
Suite 200 A
Hammond, LA 70403

Dr. K. Lance Caufield (Primary care physician)
Internal Medicine Clinic of Tangipahoa
42388 Pelican Professional Park
Hammond, LA 70403

Dr. Richard Stanger (Treating for lumbar spine pain and mid-back pain.  Spinal cord stimulator and L4-S1 transforaminal interbody fusion)
Neuromedical Center
10101 Parke Rowe Avenue 3rd Floor
Baton Rouge, LA 70810

Dr. Charles S. Shumacher (Left knee reconstruction)
Covington Orthopedic & Sports Medicine
19343 Sunshine Ave.
Covington, LA 70433

Brittany Holland, PT (Back pain and aquatic therapy)
Affiliated Therapy
2204 Robin Ave.
Hammond, LA 70403

**INTERROGATORY NO. 17:**

Please state whether or not you had any pre-existing disease, condition, or injury, prior to the incident which forms the basis of your lawsuit.

**RESPONSE TO INTERROGATORY NO. 17:**

See response to Interrogatory No. 16

**INTERROGATORY NO. 18:**

If you identified any pre-existing disease, condition, or injury, then please state whether or not, to the best of your knowledge, it was aggravated by the events described in your petition.

**RESPONSE TO INTERROGATORY NO. 18:**

Yes, Ms. Walker's conditions were aggravated by the July 2, 2021, incident.

**INTERROGATORY NO. 19:**

Please state whether or not any of your medical bills related to your treatment for the injuries you allege to have sustained as a result of this accident have been paid by Medicare or Medicaid, either in whole or in part.  If so, please indicate and specify:  the healthcare condition, illness or event for which payment was made; all dates on which such payments were made; and identify with particularity all documents in your possession related to such reimbursements by Medicare or Medicaid.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection.  This request is premature as Plaintiff's life continues to be disrupted by the subject incident. To date, plaintiff has incurred the following medical expenses:

Cypress Pointe Surgical
42570 S. Airport Rd.
Hammond, LA 70404
DOS: Treatment is ongoing
Amount Billed: $22,409.76 (Medicare Adjustment was $0.00, Medicare Payment was $22,114.65, BALANCE STILL OWED: $295.11)
Response will be supplemented.

Cypress Pointe Pain Management
19065 Dr. John Lambert Dr.
Suite 200 A
Hammond, LA 70403
DOS: Treatment is ongoing
Amount Billed: $3,688.00 (Medicare Adjustment was $2,905.69, Medicare Payment was $591.08, Medicaid Adjustment was $56.55, Medicaid Payment was $45.40, BALANCE STILL OWED: $89.28)
Response will be supplemented

Neuromedical Center
10101 Parke Rowe Avenue 3rd Floor
Baton Rouge, LA 70810
DOS: Treatment is ongoing
Amount Billed: $3,063.00 (Medicare Adjustment was $2,461.18, Medicare
Payment was $481.45, Medicaid Adjustment was $64.45, Medicaid Payment was
$55.92) BALANCE OWED: $0.00
Response will be supplemented.

The Spine Hospital LA
10105 Park Rowe Circle
Baton Rouge, LA 70810
DOS: Treatment is Ongoing
Amount Billed: $10,388.15 (Medicare Adjustment was $9,793.55, Medicare
Payment was $475.68, Medicaid Adjustment was $65.85, Medicaid Payment was
$53.07) BALANCE OWED: $0.00

Drive In Drugstore
228 S. 1st Street
Amite, LA 70422
DOS: July 22, 2021, August 21, 2021, September 21, 2021, October 19, 2021,
November 10, 2021, November 17, 2021, December 18, 2021, January 10, 2022,
January 15, 2022 and February 7, 2022
Amount Billed: $255.48 (Patient paid $28.80, Third Party Payment $226.68)
BALANCE OWED: $0.00

Internal Medicine Clinic of Tangipahoa
42388 Pelican Professional Park
Hammond, LA 70403
DOS: Treatment is ongoing
Response will be supplemented.

Covington Orthopedic & Sports Medicine Institute
19343 Sunshine Ave.
Covington, LA 70433
DOS: Treatment ongoing
Response will be supplemented.

Affiliated Therapy
2204 Robin Ave.
Hammond, LA 70403
DOS: Treatment ongoing
Response will be supplemented.

**INTERROGATORY NO. 20:**

Please itemize in detail all general and special damages to which you believe you are

entitled as a result of the above captioned suit and please indicate the dollar amount of each such

item of damages you have alleged in your petition and how that dollar amount was determined.

**RESPONSE TO INTERROGATORY NO. 20:**

This request is premature as discovery has only just begun and Plaintiff's life continues to be disrupted by the subject incident.  Without waiving these objections, see Plaintiff's response to Interrogatories No. 13 and 19.  Plaintiff has not yet calculated appropriate general damages.  Plaintiff reiterates that she does not seek damages for lost wages or impaired earnings capacity.

**INTERROGATORY NO. 21:**

Please list the name, address, employer, social security number, date of birth and anticipated testimony of every witness that you intend to call or may call at the trial of this matter.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection.  This request is premature as discovery has only just begun.  Plaintiff will identify her witnesses per the scheduling order issued by the Court.  Without waiving these objections, Plaintiff states:

1. All persons identified in the course of discovery as having been present to observe the incident, including, without limitation, the plaintiff and all persons identified above in her response to Interrogatory No. 16;
2. All persons identified elsewhere in the course of discovery as having given a statement;
3. All persons who may have information that would be helpful to the trier of fact, including, without limitation, all persons identified as an expert of lay witness;
4. Any of the Plaintiff's treating physicians, either prior to or subsequent to the subject incident, including, without limitation, all persons identified in Response to Interrogatory No. 16;
5. Custodians of any of Plaintiff's medical bills or records;
6. Any other healthcare provider who rendered treatment to plaintiff;
7. Any expert economist to be designated;
8. Any witness needed for impeachment or rebuttal;
9. Any other witness listed and/or called by any other party; and
10. Any other witness discovered throughout the course of discovery of this suit
11. Plaintiff has not made any final decisions regarding experts at this time.  Plaintiff will identify her experts per the Court's Scheduling Order.  Further objecting, this request is overbroad pursuant to Louisiana CCP 1425 (E)(1), as it impermissibly  seeks letters exchanged with trial counsel that reveal the mental impressions and trial strategy of the Plaintiff.  Without waiving these objections, Plaintiff states:  The only experts consulted to date have been the treating physicians and/or health care providers identified hereinabove.  The opinions and facts known to said experts are set forth in their records and/or reports, copies of which are being produced.  Plaintiff specifically reserves her right to supplement and amend this response throughout the course of discovery of this litigation and/or in accordance with any scheduling order issued by the Court, and any information provided pursuant to said scheduling order should be considered a supplementation of this response.  Further, the transcript of the

deposition of any expert so identified should be considered a report for the purposes of supplementing this response.

**INTERROGATORY NO. 22:**

Is the amount of damages as alleged in your petition equal to or in excess of $75,000.00, the jurisdictional amount necessary under 28 U.S.C. §1332?

**RESPONSE TO INTERROGATORY NO. 22:**

Yes.

**INTERROGATORY NO. 23:**

Is the amount of damages as alleged in your petition equal to or in excess of $25,000.00?

**RESPONSE TO INTERROGATORY NO. 23:**

Yes.

**INTERROGATORY NO. 24:**

Are any medical bills for treatment of injuries you suffered in this accident subject to an attorney-negotiated discount? If so, please state the name of each health care provider, the original amount of each bill, and the discounted amount.

**RESPONSE TO INTERROGATORY NO. 24:**

No.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please provide copies of all hospital records, medical records, including any narrative reports from physicians, bills, and other documents concerning the medical treatment IRMA WALKER as a result of the alleged incident on July 2, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide copies of federal and/or state income tax returns, including W-2 statements, for the past 5 years as well as any check stubs, deposit slips, or other evidence of wages earned during the year of 2016 through the date that a response is furnished.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection.  Production of tax returns requires a prior showing of "good cause," and that the relevant information could not be obtained in a less intrusive manner.  *Canty v. Barragan*, 2019 CW 1515 (La. App. 1st Cir. 12/19/2019), 2019 WL 6998254 (tax returns "are confidential and personal in nature, and courts in this state have required that the requestor show whether the information could be obtained in a less intrusive manner").   "However, because of the confidential nature and personal character of its contents, the court should be very cautious in permitting its inspection and copying.  Such action should be authorized only after the court is convinced both of its relevancy and necessity. . . ."  *Bianchi v. Pattison Pontiac Co., Inc*., 5102 (La. App. 4th Cir. 2/23/1972) 258 So.2d 388, 390.  Here, the Supreme Court has instructed that even in cases involving lost wages, that proof need not involve income tax returns.  *Jordan v. Travelers Ins. Co*., 505008, 257 La. 995 (La. 2/24/1971).  As such, in the absence of a showing of good cause and the lack of any less intrusive manner to obtain the information, Plaintiff refuses to produce any personal information regarding taxes.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of any and all incident reports or investigation reports that you or your representatives may have in connection with the incident forming the basis of your lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of all documents or exhibits that you reviewed in responding to the interrogatories or which contain any information referred to the interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of each and every document or exhibit which you intend or may introduce at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

This request is premature as discovery is ongoing and no final decisions regarding exhibits have been made at this time. Plaintiff will identify its exhibits per the Court's scheduling order.  Further objecting, Plaintiff has yet to receive full responses to discovery from Defendants who are the sole custodians of virtually all business records relating to the subject incident.  Without waiving these objections, Plaintiff shows that any of the following exhibits may be introduced into evidence at the trial of this matter:

1.     All documents received from the Planning Department including, without limitation, copies of all violations and citations issued to Defendants regarding the premises, permitting, and applications;

2.      Incident report and all witness statements;

3.     Any and all applicable insurance policies;

4.     Design documents for the area of the premises in question, along with all maintenance documents, repair documents, modifications, along with contracts, bids, invoices and payments relating to the same;

5.     Medical records and/or reports relative to treatment rendered to Plaintiff including, without limitation, films of x-rays, MRIs and/or other diagnostic studies performed on Plaintiff;

6.     Medical bills incurred by Plaintiff and an itemization thereof;

7.     Current and historic images of the premises obtained from Google, Inc., and including information available as part of said company's Street view, Google Earth, and satellite images and the historic archives relating to each;

8.     Photographs, diagrams, and/or videotapes of Plaintiff and/or the accident site and/or the things involved in the accident;

9.     A complete copy of Defendant's employee handbook, along with all training, policies, and procedures in effect on the incident date;

10.     Income tax returns and Social Security earnings records of Plaintiff;

11.     A complete copy of the International Building Code along with ADA, ATSM and ANSI standards governing the incident;

12.     Any pleading filed by any party, along with all discovery responses;

13.     Any deposition transcript of any party or witness;

14.     Manufacturer specifications and industry standards for the building materials incorporated into the portion of the premises where the incident occurred;

15.     Complete copies of the personnel files of all employees and agents of Defendants that are identified at potential witnesses in this matter;

16.     Any document needed for impeachment;

17.     The reports of all retained experts identified; and

18.     Any document or exhibit listed and/or produced by any other party.

Plaintiff specifically reserves her right to supplement and amend this response throughout the course of discovery and/or in accordance with any scheduling order issued by the court, and any documentation provided pursuant to said scheduling order should be considered a supplementation of this response. Further, any document exchanged in discovery or attached to any correspondence—electronic or otherwise—exchanged between the parties should be considered a potential trial exhibit.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of each and every statement of any person or witness taken in connection with the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request seeks to discover information that is protected by the attorney-client privilege, the work product doctrine, and/or was obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all photographs, motions, pictures, videotapes, sketches, drawings, or diagrams concerning the accident in question, including but not limited to, any depicting the accident scene, or the people involved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present

possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all statements given by any parties or witnesses in these proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  This request seeks to discover information that is protected by the attorney-client privilege, the work product doctrine, and/or was obtained in anticipation of litigation.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all exhibits, documents, records, photographs, evidence or demonstrative evidence of any nature whatsoever which you will attempt to introduce into evidence or use at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

This request is premature as discovery is ongoing and no final decisions regarding exhibits have been made at this time. Plaintiff will identify its exhibits per the Court's scheduling order.  Further objecting, Plaintiff has yet to receive full responses to discovery from Defendants who are the sole custodians of virtually all business records relating to the subject incident. Without waiving these objections, Plaintiff shows that any of the following exhibits may be introduced into evidence at the trial of this matter:

1.      All documents received from the Planning Department including, without limitation, copies of all violations and citations issued to Defendants regarding the premises, permitting, and applications;

2.      Incident report and all witness statements;

3.      Any and all applicable insurance policies;

4.      Design documents for the area of the premises in question, along with all maintenance documents, repair documents, modifications, along with contracts, bids, invoices and payments relating to the same;

5.      Medical records and/or reports relative to treatment rendered to Plaintiff including, without limitation, films of x-rays, MRIs and/or other diagnostic studies performed on Plaintiff;

6.      Medical bills incurred by Plaintiff and an itemization thereof;

7.     Current and historic images of the premises obtained from Google, Inc., and including information available as part of said company's Streetview, Google Earth, and satellite images and the historic archives relating to each;

8.     Photographs, diagrams, and/or videotapes of Plaintiff and/or the accident site and/or the things involved in the accident;

9.     A complete copy of Defendant's employee handbook, along with all training, policies, and procedures in effect on the incident date;

10.    Income tax returns and Social Security earnings records of Plaintiff;

11.    A complete copy of the International Building Code along with ADA, ATSM and ANSI standards governing the incident;

12.    Any pleading filed by any party, along with all discovery responses;

13.    Any deposition transcript of any party or witness;

14.    Manufacturer specifications and industry standards for the building materials incorporated into the portion of the premises where the incident occurred;

15.    Complete copies of the personnel files of all employees and agents of Defendants that are identified at potential witnesses in this matter;

16.    Any document needed for impeachment;

17.    The reports of all retained experts identified; and

18.    Any document or exhibit listed and/or produced by any other party.

Plaintiff specifically reserves her right to supplement and amend this response throughout the course of discovery and/or in accordance with any scheduling order issued by the court, and any documentation provided pursuant to said scheduling order should be considered a supplementation of this response. Further, any document exchanged in discovery or attached to any correspondence—electronic or otherwise—exchanged between the parties should be considered a potential trial exhibit.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of any and all expert reports received in connection with this matter along with any and all documents provided to any expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed. Plaintiff reserves the right to supplement this response as additional documents are discovered or created. Any document exchanged in correspondence should be

considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce copies of any and all documents evidencing other claims made in connection with the accident which is the basis of this suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed. Plaintiff reserves the right to supplement this response as additional documents are discovered or created. Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all medical reports, doctors' reports, hospital records, medical records, and any and all other medical information concerning any injuries sustained by you for the last ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. Plaintiff cannot possibly recall the details of every single such medical provider seen for any reason, and for any duration, at any potential time during the responsive period. Further objecting, to the extent that this request is not limited to the time periods, body parts, and ailments at issue in this lawsuit, it is unduly burdensome and overbroad. Finally, this request is ambiguous to the extent that the "incidents", "accidents', and medical conditions inquired about are not defined and could therefore, include almost anything. Subject to the aforementioned objections and without waiving same, all responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed. Plaintiff reserves the right to supplement this response as additional documents are discovered or created. Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all paid and unpaid bills from any hospital, surgeon, physician, or other medical practitioner, resulting from your treatment, or consultation for the injuries allegedly sustained by you as a result of the accident referred to in your petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present

possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all paid and unpaid bills, receipts, or expenses for any drugs, medical apparatus, rehabilitation treatment or other medically related expenses resulting from the injuries allegedly sustained by you as a result of the accident referred to in your petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all letters, correspondence, documents, memoranda, or reports to or from any experts regarding the injuries allegedly sustained by you as a result of the accident referred to in your petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all notes, logs, memoranda, or diary, maintained in connection with any of your activities that concern or are in any way related to the claims asserted in your petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

All responsive, relevant, and non-privileged documents in the Plaintiff's present possession are enclosed.  Plaintiff reserves the right to supplement this response as additional documents are discovered or created.  Any document exchanged in correspondence should be

considered a supplementation of this request.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents relating to any other lawsuits filed by you either before or after the above referred to suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

No documents.

**REQUEST FOR PRODUCTION NO. 18:**

Please complete, execute and return the attached authorization for release of employment records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this Request as is not likely to lead to the discovery of relevant, admissible evidence. Subject to the aforementioned object and without waiving same, Ms. Walker is not employed and was not employed on July 2, 2021.

**REQUEST FOR PRODUCTION NO. 19:**

Please complete, execute and return the attached authorization for release of tax returns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.  Production of tax returns requires a prior showing of "good cause," and that the relevant information could not be obtained in a less intrusive manner. *Canty v. Barragan*, 2019 CW 1515 (La. App. 1st Cir. 12/19/2019), 2019 WL 6998254 (tax returns "are confidential and personal in nature, and courts in this state have required that the requestor show whether the information could be obtained in a less intrusive manner").  "However, because of the confidential nature and personal character of its contents, the court should be very cautious in permitting its inspection and copying.  Such action should be authorized only after the court is convinced both of its relevancy and necessity. . . ."  *Bianchi v. Pattison Pontiac Co., Inc.*, 5102 (La. App. 4th Cir. 2/23/1972) 258 So.2d 388, 390.  Here, the Supreme Court has instructed that even in cases involving lost wages, that proof need not involve income tax returns. *Jordan v. Travelers Ins. Co.*, 505008, 257 La. 995 (La. 2/24/1971).  As such, in the absence of a showing of good cause and the lack of any less intrusive manner to obtain the information, Plaintiff refuses to produce any personal information regarding taxes.

**REQUEST FOR PRODUCTION NO. 20:**

Please complete, execute and return the attached authorization for release of Social Security Itemized Statement of Earnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection.  Production of tax returns requires a prior showing of "good cause," and that the relevant information could not be obtained in a less intrusive manner. *Canty v. Barragan*, 2019 CW 1515 (La. App. 1st Cir. 12/19/2019), 2019 WL 6998254 (tax returns "are confidential and personal in nature, and courts in this state have required that the requestor show whether the information could be obtained in a less intrusive manner").  "However, because of the confidential nature and personal character of its contents, the court should be very cautious in permitting its inspection and copying.  Such action should be authorized only after the court is convinced both of its relevancy and necessity. . . ." *Bianchi v. Pattison Pontiac Co., Inc.*, 5102 (La. App. 4th Cir. 2/23/1972) 258 So.2d 388, 390.  Here, the Supreme Court has instructed that even in cases involving lost wages, that proof need not involve income tax returns. *Jordan v. Travelers Ins. Co.*, 505008, 257 La. 995 (La. 2/24/1971).  As such, in the absence of a showing of good cause and the lack of any less intrusive manner to obtain the information, Plaintiff refuses to produce any personal information regarding taxes.

**REQUEST FOR PRODUCTION NO. 21:**

Please complete, execute and return the attached authorization for release of all medical records. If you decline to sign a blank authorization, then please execute an authorization specifically directed to all medical providers identified in your interrogatories with whom you have treated both before and after the subject accident including all primary care physicians, physical therapists, neurologists, and orthopedic surgeons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection.  The requested authorization forms will be provided upon written agreement to the following terms:

These authorizations are tendered to you in trust with the understanding that copies of any documents which you obtain through use of said authorization will be provided to undersigned counsel contemporaneously upon receipt of same.  Further, these authorizations do

not permit any ex parte oral communication with any source in possession of or having any knowledge of the records.  Further, these authorizations do not permit any re-disclosure of the medical information by recipient to third parties.

If you do no not agree with these terms, Plaintiff does not agree to produce these authorizations.  Any use of these authorizations will be constituted as an agreement of the conditions set forth above.

**REQUEST FOR PRODUCTION NO. 22:**

Please complete, execute and return the attached Authorization to Release or Obtain Health Information from the Louisiana Department of Health (Medicaid).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection.  The requested authorization forms will be provided upon written agreement to the following terms:

These authorizations are tendered to you in trust with the understanding that copies of any documents which you obtain through use of said authorization will be provided to undersigned counsel contemporaneously upon receipt of same.  Further, these authorizations do not permit any ex parte oral communication with any source in possession of or having any knowledge of the records.  Further, these authorizations do not permit any re-disclosure of the medical information by recipient to third parties.

If you do no not agree with these terms, Plaintiff does not agree to produce these authorizations.  Any use of these authorizations will be constituted as an agreement of the conditions set forth above.

**REQUEST FOR PRODUCTION NO. 23:**

Please complete, execute and return the attached "1-800-Medicare Authorization to Disclose Personal Health Information" Form.

These documents are to be produced for inspection and copying at a time mutually convenient to the attorney for both the plaintiff and the defendant, within thirty (30) days of service hereof, at the offices of ERLINGSON BANKS, PLLC, 301 Main Street, Suite 2110, Baton Rouge, Louisiana  70801, it being expressly understood herein that if the attorneys cannot agree upon a mutually acceptable time and the documents are not produced on or before the designated time, the Plaintiff and/or her attorney shall be liable for all expenses and attorney's

fees incurred in obtaining an order to command production of said documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  The requested authorization forms will be provided upon written agreement to the following terms:

These authorizations are tendered to you in trust with the understanding that copies of any documents which you obtain through use of said authorization will be provided to undersigned counsel contemporaneously upon receipt of same.  Further, these authorizations do not permit any ex parte oral communication with any source in possession of or having any knowledge of the records.  Further, these authorizations do not permit any re-disclosure of the medical information by recipient to third parties.

If you do no not agree with these terms, Plaintiff does not agree to produce these authorizations.  Any use of these authorizations will be constituted as an agreement of the conditions set forth above.

RESPECTFULLY SUBMITTED:
MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (800) 878-8937
EMAIL: mhemmer@morrisbart.com

*Attorney for Plaintiff*

By: _____
MATTHEW D. HEMMER, NO. LA34300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 25th day of May, 2022, served a copy of the foregoing on all counsel of record to this proceeding, by placing same in the U.S. mail, properly addressed and postage prepaid and/or sending via facsimile, electronic mail or hand delivery.

_____
MATTHEW D. HEMMER, NO. LA34300