# CIVIL CASH RECEIPT

**TANGIPAHOA PARISH**
**CLERK OF COURT**

Date 1/31/2022

Name Matthew Hemmer.

Credit Card (E-File)

CASH                CHECK #

| SUIT NO. New | AMOUNT |
|---|---|
| 2022-0000958 | 256.00 |

SUIT NAME Irma Waeker
vs
Winn-Dixie Montgomery

**DEPUTY CLERK** mdupr

NON-CERTIFIED COPY

298655

Tangipahoa Parish Clerk of Court   20220000258
Filed Jan 31, 2022 12:01 PM   D
Marquita Dyson
Deputy Clerk of Court
E-File Received Jan 31, 2022 11:42 AM

**21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA**

**STATE OF LOUISIANA**

NO.                                                     DIVISION ""

**IRMA WALKER**

**VERSUS**

**WINN-DIXIE MONTGOMERY, LLC, AND WINN-DIXIE STORES, INC.**

FILED:_____          _____
                                                    **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, Irma Walker, person of the full age of majority and a resident of the State of Louisiana, who, with respect, shows the Court as follows:

I.

That Winn-Dixie Montgomery, LLC, made a party defendant herein, is a limited liability company organized under the laws of the State of Florida with its principle place of business in Jacksonville, Florida. Said defendant conducted systematic and continuous business within Tangipahoa Parish during all relevant times herein. Winn-Dixie Montgomery, LLC, has a single member, Winn-Dixie Stores, Inc. That Winn-Dixie Stores, Inc., made a party defendant herein, is a corporation organized under the laws of the State of Florida with its principle place of business in Jacksonville, Florida. Said defendant conducted systematic and continuous business in Tangipahoa Parish during all relevant times herein. That said Defendants are liable, jointly and/or in solido, to Plaintiff for the following:

II.

At all relevant times herein, Defendants Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc. (henceforth "Winn-Dixie") owned, controlled, operated, and managed a store open to the general public, located at 804 W Oak St, Amite City, LA 70422, commonly known as "Winn-Dixie Grocery" (henceforth the "Premises") and also employed, trained and supervised all employees working there. The exact nature of the working relationship between the two Winn-Dixie entities is not specifically known as little public records exist to explain the relationship. What is known is that the premises were previously owned by Winn-Dixie Louisiana, Inc., which merged into Winn-Dixie Montgomery, LLC, on or about January 31,



Certified True and
Correct Copy
CertID: 2022020100072

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

2005. Subsequent to that merger, Winn-Dixie Montgomery, LLC, has been the record owner of the premises which, on information and belief, is operated by its member, Winn-Dixie Stores, Inc.

III.

That on or about July 2, 2021, Irma Walker was at the Premises to shop.

IV.

While Ms. Walker was at the Premises shopping, a Winn-Dixie employee, while in the exercise of the functions for which he was employed, negligently pushed a cart carrying ice that was leaking ice and water as the employee pushed the cart. As the Winn-Dixie employee made passes in the area with the cart, puddles of ice and water accumulated in the paths and areas traveled. These leaks, puddles, and ice were unreasonably dangerous hazards that created a foreseeable risk of slipping and falling to patrons.

V.

Winn-Dixie had actual or constructive notice of the unreasonably dangerous puddles and ice because: the hazards were created by their employee, imputing knowledge; because other employees of Winn-Dixie observed the leaking cart and puddles; and also because the hazards persisted for an unreasonable length of time at the Premises prior to the fall, such that Winn-Dixie reasonably should have known of the danger.

VI.

Unbeknownst to Ms. Walker, she entered the area of the accumulated ice and puddles while shopping. She was unlikely to notice the puddles or ice because of the clear nature of water, the combination of lighting and flooring, and the lack of any warnings or notices. Because she did not see the puddles or ice, Ms. Walker was not able to avoid the hazard, which caused her to slip and fall.

VII.

The foregoing hazard and fall, was proximately caused by the direct negligence of the unknown Winn-Dixie employee, and other Winn-Dixie employees at the Premises, in the following non-exclusive respects:

A.    By failing to maintain, inspect, monitor, load, and control the cart to avoid creating slipping hazards;

B.    By moving the carts under his control in a reckless and negligent manner without reasonable care for the safety of patrons;

2

Certified True and
Correct Copy
CertID: 2022020100072

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

    C.      Failing to clean and dry puddles and ice that presented foreseeable risk of slipping;

    D.      By failing to warn patrons at the Premises of slipping hazards;

    E.      By failing to inspect the premises for slipping hazards; and

    F.      By being inattentive while loading and transporting ice through the public areas of the Premises

VIII.

Additionally, the foregoing hazard and fall was proximately caused by Winn-Dixie's direct negligence in the following non-exclusive respects:

A.  By failing to properly train employees;

B.  By failing to supervise employees while loading and transporting ice through the Premises, to prevent subjecting patrons to an unreasonable risk of harm;

C.  By negligently hiring the unknown Winn-Dixie employee despite having constructive or actual notice of the employee's propensity to act in ways which endanger patrons; and

D.  By failing to warn the Plaintiff of the dangers of the accumulated ice and water.

IX.

In addition, at all relevant times herein, the aforesaid Winn-Dixie employees were acting within the course and scope of his employment with the Defendants, and therefore, Defendants are vicariously responsible for the negligent acts and omissions and/or fault of their employees pursuant to La. Civ. Code art. 2320, and other applicable law.

X.

The aforesaid incident occurred through no fault of Petitioner, Irma Walker, but rather, solely through the fault of the Defendants by failing to use due care under the circumstances, as enumerated above.

XI.

That as a result of the aforesaid collision, Irma Walker has sustained serious injuries to her body and mind including her knees and back, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; permanent impairment; and, if surgeries are performed as recommended, disfigurement.  Plaintiff does NOT claim damages for past and future loss of earnings and

3


Certified True and
Correct Copy
CertID: 2022020100072

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

impaired earning capacity.  The above damages entitle Plaintiff, Irma Walker, to recover from Defendants the damages as are reasonable in the premises.

XII.

Petitioner shows that this case involves damages which exceed the minimum requirements for trial by jury.

WHEREFORE, Petitioner, Irma Walker, prays that Defendants Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc., and  be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner,  Irma Walker, and against Defendants,  Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc., jointly and/or in solido, for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR

NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (800) 878-8937
E-MAIL:  mhemmer@morrisbart.com

BY: _____
MATTHEW D. HEMMER, NO. LA34300

PLEASE SERVE:

WINN-DIXIE MONTGOMERY, LLC and WINN-DIXIE STORES, INC.
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

4


Certified True and
Correct Copy
CertID: 2022020100072

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Tangipahoa Parish Clerk of Court   20220000258
Filed Jan 31, 2022 12:01 PM         D
Marquita Dyson
Deputy Clerk of Court
E-File Received Jan 31, 2022 11:42 AM

**21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA**

**STATE OF LOUISIANA**

NO.                                                            DIVISION ""

**IRMA WALKER**

**VERSUS**

**WINN-DIXIE MONTGOMERY, LLC, AND WINN-DIXIE STORES, INC.**

FILED:_____          _____
                                                            **DEPUTY CLERK**

---

**REQUESTS FOR ADMISSION, INTERROGATORIES, and REQUESTS FOR PRODUCTION**

TO:   **WINN-DIXIE MONTGOMERY, LLC, AND
       WINN-DIXIE STORES, INC., JOINTLY[1]**
       WITH SERVICE OF THE PETITION UPON THEIR REGISTERED AGENT:
       Corporation Service Company
       501 Louisiana Avenue
       Baton Rouge, LA 70802

**DEFINITIONS**

1.      "Person" includes any individual, corporation, partnership, group, association, governmental entity, or any other organization.

2.      The terms "regarding" "relating to" and "concerning" shall be interpreted broadly, including both explicit and implicit reference, and meaning, without limitation, referring to, concerning, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, or prepared as a result of.

3.      Use of the singular form shall be deemed to include the plural and vice versa. The use of either the masculine or feminine pronoun shall be deemed to include either gender.

4.      "And" and "or" shall be constructed either disjunctively or conjunctively so as to permit the broadest possible scope.

5.      "Document" means all writing or recordings of any kind in the form of pictures, letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, including but not limited to, all agreements, correspondence, records,

---

[1] Plaintiff propounds a single set of discovery to all three Defendants, jointly, to obviate the need to generate and send multiple documents seeking the same information. This consolidation is intended to reduce attorney workload, in the spirit of cooperation envisioned by the Code of Civil Procedure. Responses should reflect the knowledge, information, and documents within the control, custody, or access of **all** defendants. If this is problematic, though, Plaintiff is happy to resend the requests as separate documents directed to each individual defendant.

Certified True and
Correct Copy
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM



ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes or other writing, formal or informal in nature, accounting and financial records, diaries, minutes, agendas, publications, calendars, telephone pads, telephone logs, bulletins, directives, logs, listing, statements, telegrams, drafts, work papers, paper and magnetic tapes, computer disks and printouts, discs, electronically or magnetically stored information or data, microfiche, microfilm, charts, graphs, maps, schematics, videotapes, drawing, blueprints, topographical surveys and photographs, in your actual or constructive possession, custody or control or of which you have knowledge of the existence, and whether prepared, published or released by you or any other person or entity.  Without limitation on the foregoing, the term "document" shall include any copy, which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes, or any other variations.

6.      "Communicate" or "communication" means every manner of disclosure or exchange, and every disclosure or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

7.      "Identify" used in reference to a person means to state:

(a)      The person's full name and present or last known address;

(b)      the person's present or last known position and business affiliation; and

(c)      the person's position and business affiliation at the time in question.

8.      "Identify" used in reference to a communication means to state:

(a)      its date;

(b)      the place where it occurred;

(c)      the type of communication (for example, telephone conversation, meeting, memorandum, photograph, etc.);

(d)      its substance;

(e)      the identity of the person who made it; and

(f)      the identity of every person who received it.

9.      "You," "your," and, "Defendant," shall mean the person to whom these requests are directed, along with all agents, employees, officers, owners, directors, managers, members, and all others acting on your behalf, or purporting to act on your behalf.  If you are an insurance company, it shall also include your insureds under the policy covering any acts occurring at the




Certified True and
Correct Copy
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

subject Premises. It shall also include all third parties who are otherwise subject to your direction or control.

10.    "Third party," means all persons other than Plaintiff, you, and other named parties to the present litigation.

11.    "Premises" means the property located at or near 804 W Oak St, Amite City, LA 70422 commonly known as "Winn-Dixie."

12.    "Incident date," means on or about July 2, 2021, being the same date as the subject incident sued upon herein.

14.    "Agreement," means any contract, offer, acceptance, bid, request, or other agreement, regardless of whether or not consummated, including both written and oral communications, and irrespective of the legal enforceability of the same.

15.    "Cart" means the cart used by your employee for transporting ice at the premises on the incident date described in ¶IV of the Petition for Damages.

### REQUESTS FOR ADMISSION

Plaintiff, Irma Walker, hereby requests that you answer the following requests for admission, separately, fully, under oath, and in writing, within **thirty (30) days** after receipt thereof, pursuant to the Louisiana Code of Civil Procedure.   **Moreover, pursuant to Louisiana Code of Civil Procedure Article 1467, "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny."**

1.

Please admit that You conducted business at the Premises on the Incident Date.

2.

Please admit that You employed the person who pushed the Cart on the Incident Date.

3.

Please admit that no Third Party caused or contributed to the movement of the Cart at the premises on the Incident Date, or the loading of any ice into the Cart on the Incident Date.

4.

Please admit that there are no agreements with any Third Party for loading ice into the cart at the Premises on the Incident Date.

3



**Certified True and Correct Copy**
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

5.

Please admit that no Third Party has fault for, or negligently contributed to loading ice into the cart at the Premises, or movement of the cart throughout the premises, on the Incident Date.. (Note that for purposes of this admission, Plaintiff would not be a Third Party and you are not precluded from alleging comparative fault by admitting to this request. Essentially, we want to know if you allege third party negligence as a defense.)

## INTERROGATORIES

Plaintiff requests that the party to be questioned answer the following interrogatories, separately, fully, under oath and in writing, within **thirty (30)** days after receipt thereof, pursuant to the provisions of the Louisiana Code of Civil Procedure. Each interrogatory is deemed to be continuing and should be supplemented in the event additional information becomes known to you as per all law applicable hereto.

**It is requested that the answers to these interrogatories be signed by the person making them and that the signature be notarized by an authorized officer.**

1.

If you deny any of the foregoing requests for admission, please Identify all facts that support your denials; Identify all communication related to such facts; Identify all documents related to such facts; Identify all persons with knowledge of such facts, communications, and documents.

2.

Please identify all employees at the Premises on the Incident Date, and for each, state whether they are presently employed by You.

3.

Please identify all persons that communicated with, touched, or observed the Plaintiff at the Premises on the incident date, and for each, identify said communications, observations, or actions.

4



Certified True and
Correct Copy
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

4.

Please identify all persons who place ice into the Cart at the Premises, or move the Cart around the Premises on the Incident Date, and identify the intended use for all ice placed within the Cart on the incident date.

5.

Please identify all tools, equipment, carts, and vehicles used to move ice throughout the the Premises in the five years prior to the Incident Date and since the Incident Date.

6.

Please identify all persons, who from three years prior to the Incident date to the present, had responsibility for training and supervising Your employees at the Premises regarding: identification, mitigation, and elimination of slipping hazards; the use of carts within the premises; loading and unloading ice; moving ice throughout the premises; and stocking ice bags at the premises.

7.

Please identify all policies regarding: identification, mitigation, and elimination of slipping hazards; the use of carts within the premises; loading and unloading ice; moving ice throughout the premises; and stocking ice bags at the premises.

8.

Please identify any photographs, investigative or incident reports, video or surveillance footage, and any other potential evidence related to this incident, whether it still exists or not, and further identify every step you took to preserve the same.

9.

Identify all persons known to or believed by you to have information or knowledge concerning any relevant facts involved in this litigation, and for each, identify all such facts.

10.

Identify all persons who have given any type of statement to you or anyone acting in your behalf in connection with this litigation.

11.

Identify all persons who you may or will call as a lay witness and/or an expert witness in this case. For experts, identify all agreements, communications, and documents provided to, along with identification of all time spent relative to this incident, including identification of all opinions that will be presented at trial.

5


**Certified True and Correct Copy**
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

12.

Identify every exhibit you plan to use at trial.

13.

State how long you believe Plaintiff to have been at the Premises on the incident date prior to the incident sued upon herein.

14.

Please identify every camera and recording device that was on the Premises on the incident date, and for each, identify all information captured by the same on the incident date relating to the parties and matters at issue in this litigation.

15.

Please identify all criteria you used to determine whether the employee's movement of the Cart on the Incident Date was reasonable and safe.

16.

Please identify all persons insuring you or the Premises on the Incident Date and for each, state the policy number and the agreement to provide insurance.

17.

Identify all agreements regarding: ice sales, ice stocking, and carts at the premises in effect on the incident date.

18.

Do you contend that Plaintiff's alleged injuries were caused or contributed to by any prior injuries, accidents, or events?  If so, please identify all such injuries and events, identify all persons with knowledge of such facts, and identify all medical providers that rendered treatment in connection with such conditions.

19.

Do you contend that Plaintiff's alleged injuries were caused or contributed to by any Third Party?  If so, please identify all such injuries and events, identify all persons with knowledge of such facts, and identify all medical providers that rendered treatment in connection with such conditions.

20.

Identify all persons who have conducted any surveillance on Plaintiff at any time, all compensation paid to that person, all communications with that person, and all surveillance obtained.

6

**Certified True and Correct Copy**
CertID: 2022020100073



Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

## REQUESTS FOR PRODUCTION

Pursuant to Article 1461 et seq. of the Louisiana Code of Civil Procedure, Plaintiff requests Defendants to respond within **thirty (30)** days of service of this, Plaintiff's Request for Production of Documents and to produce the following for inspection, copying and/or photographing at the office of undersigned counsel for Plaintiff, MORRIS BART, LLC, 601 Poydras Street, 24th Floor, New Orleans, Louisiana 70130.  The same definitions set forth above, whether in the Definition section or elsewhere, shall maintain their same meaning below:

1.

All documents identified in your responses to the Interrogatories above.

2.

All communications identified in your responses to the Interrogatories above.

3.

Any and all accident and/or incident reports regarding the subject incident, whether prepared by law enforcement, you, or any third party, in complete and unredacted form.

4.

Any written or recorded statements of any witnesses taken in the regular course of business.

5.

Any written or recorded statements made by the Plaintiff.

6.

Any and all expert reports which you have obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.  Further, all communications with said experts, all agreements with said experts, and all documents provided to said experts.

7.

Any index reports on the Plaintiff showing involvement in any prior claims and/or litigation resulting in payment by an insurance company.

8.

Any and all medical and hospital records and reports relating to the Plaintiff and/or the injury suffered in this accident.

9.

Any photographs, movie films or video tapes you have or have access to, depicting the Premises on the incident date.

7

Certified True and
Correct Copy
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

10.

Any photographs, movie films or video tapes you have or have access to, depicting the Cart at any time.

11.

Any photographs, movie films or video tapes you have or have access to, which were made of the Plaintiff at any time.

12.

A certified copy of any and all policies of insurance, including declarations, that could afford coverage to Plaintiff's claim as a result of this accident.

13.

All documents and communications relating to Your polices for identification, mitigation, and elimination of slipping hazards; the use of carts within the premises; loading and unloading ice; moving ice throughout the premises; and stocking ice bags at the premises.

14.

Copies of all documents or writings and any other evidence which you intend to introduce into evidence or use at the trial of this case.

15.

All documents relating to every insurance claim, customer complaint, lawsuit, settlement, and compromise relating to injuries suffered at the Premises, and specifically from employees pushing carts, by any person, at any time, whether before or after the incident date, and even if the Premises was operated under a different name, with a different business, or by another entity.

16.

Copies of any and all reports of any investigators or other persons concerning surveillance conducted on Plaintiff at any time.

17.

Copies of any and all bills submitted by any investigators or other persons for surveillance conducted on plaintiff at any time.

18.

Copies of any and all payments made to any investigators or other persons for surveillance conducted on Plaintiff at any time.

8


**Certified True and Correct Copy**
CertID: 2022020100073


Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

19.

All documents and communications regarding policies related to the elimination of hazards, and all safety policies relating to the Premises, including without limitation those regarding the movement and/or stocking of the Cart, and transporting ice throughout the premises.

20.

Any communications to any doctor, medical practitioner, health care provider, chiropractor or medical facility from Defendants' or Defendants' counsel.

21.

A store floorplan and inventory layout.

RESPECTFULLY SUBMITTED:
MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (800) 878-8937
E-MAIL:  mhemmer@morrisbart.com


BY: _____
MATTHEW D. HEMMER, NO. LA34300

9


Certified True and
Correct Copy
CertID: 2022020100073

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
2/1/2022 11:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

*CITATION WITH DISCOVERY*

D118075

IRMA WALKER

VS

WINN-DIXIE STORES INC



**CLERK OF COURT**

DOCKET NUMBER: C-20220000258
*Division:* D
*21st Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

---

*To:*     *WINN-DIXIE STORES INC*          *Parish of EAST BATON ROUGE*
          THROUGH THEIR REGISTERED AGENT
          CORPORATION SERVICE COMPANY
          501 LOUISIANA AVENUE
          BATON ROUGE, LA
          70802

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within thirty (30) days after the service hereof, under penalty of default.*

*This service was requested by HEMMER, MATTHEW and was issued by the Clerk of Court on FEBRUARY 1, 2022.*

*Pleading Served*
*PETITION FOR DAMAGES & REQUESTS FOR*
*ADMISSION, INTERROGATORIES and*
*REQUESTS FOR PRODUCTION*



Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

---

*Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service    $_____*

*Mileage    $_____*          *By: _____*
                                       *Deputy Sheriff*

*Total      $_____*

**SERVICE**

*CITATION WITH DISCOVERY*



D118067

IRMA WALKER

VS

WINN-DIXIE STORES INC

**CLERK OF COURT**
GARY STANGA
TANGIPAHOA PARISH

DOCKET NUMBER: C-20220000258
*Division:* **D**
*21ˢᵗ Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

*To:*   *WINN-DIXIE MONTGOMERY LLC*
THROUGH THEIR REGISTERED AGENT
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA
70802

*Parish of EAST BATON ROUGE*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within thirty (30) days after the service hereof, under penalty of default.*

*This service was requested by HEMMER, MATTHEW and was issued by the Clerk of Court on FEBRUARY 1, 2022.*

<u>*Pleading Served*</u>
*PETITION FOR DAMAGES & REQUESTS FOR*
*ADMISSION, INTERROGATORIES and*
*REQUESTS FOR PRODUCTION*

Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

---

<u>*Service Information*</u>

*Received on the _____ day of _____, 20 ____ and on the _____ day of _____, 20____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

*Returned:*
*Parish of _____ this _____ day of _____, 20___.*

*Service*   $_____

*Mileage*   $_____    *By:* _____
                                        *Deputy Sheriff*

*Total*     $_____

**ORIGINAL**

NON-CERTIFIED COPY

## E-FILING ACCOUNT OVERDRAW

IRMA WALKER

VS

WINN-DIXIE STORES INC



TANGIPAHOA PARISH
**CLERK OF COURT**
GARY STANGA

DOCKET NUMBER: C-20220000258
*Division:* D
*21st Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

FEBRUARY 1, 2022

*Attorney: MATTHEW D. HEMMER*
*Fax: 800-878-8937*
*Pleading: PETITION FOR DAMAGES*

X    *Additional funds in the amount of $50.00 are required to file the above referenced E-File you submitted.*

X    *Please send an additional check for the Sheriff of EAST BATON ROUGE in the amount of $66.72 along for service.*

☐   *Please send an additional check for the Sheriff of   in the amount of $   along for service.*

☐   *Please send an additional check for the Sheriff of   in the amount of $   along for service.*

☐   *Please send an additional check for the Sheriff of   in the amount of $   along for service.*

☐   *Please send an additional check for the Secretary of State in the amount of $   along for service.*

*Comments:*

*Thank you for your prompt attention to this matter.*

*Deputy Clerk of Court for*
*GARY STANGA, Clerk of Court*

NON-CERTIFIED COPY

# Uniti Fiber Fax Service

## FAX **DELIVERY** NOTIFICATION

Account: FB9857486746
2/1/2022 10:03:20 AM

The following fax was **successfully** sent to the specified recipient.

**Fax Number:**  **18008788937**
Remote CSID:  18008788937 (station ID of receiving fax device)
Pages:  1
Status:  No errors

## FAX TRANSMISSION DETAILS

Sent On:  2/1/2022 10:04:22 AM
Duration:  40 seconds
Speed:  14400 bps
Retries:  0
Event ID:  e99161cf-05d4-46b9-bdbc-7e5847806c3d





NON-CERTIFIED COPY

02/01/2022 TUE 11:07  [JOB NO. 9437] ☑001

*CITATION WITH DISCOVERY*



D118075

| | | |
|---|---|---|
| IRMA WALKER |   **CLERK OF COURT** | DOCKET NUMBER: C-20220000258<br>*Division:* D<br>*21st Judicial District Court*<br>*Parish of Tangipahoa*<br>*State of Louisiana* |
| VS | | |
| WINN-DIXIE STORES INC | | |

*To:* WINN-DIXIE STORES INC          *Parish of EAST BATON ROUGE*
    THROUGH THEIR REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    501 LOUISIANA AVENUE
    BATON ROUGE, LA
    70802

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within thirty (30) days after the service hereof, under penalty of default.

This service was requested by HEMMER, MATTHEW and was issued by the Clerk of Court on FEBRUARY 1, 2022.

<u>Pleading Served</u>
PETITION FOR DAMAGES & REQUESTS FOR
ADMISSION, INTERROGATORIES and
REQUESTS FOR PRODUCTION


_____
Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____

Returned:
Parish of _____ this _____ day of _____

Service     $_____

Mileage    $_____          By: _____
                                    *Deputy Sheriff*

Total       $_____

2022 FEB 22  AM 9:58   GARY STANGA CLERK OF COURT TANGIPAHOA PARISH LA

I made service on the named party through the
CORPORATION SERVICE COMPANY

FEB 1 4 2022

by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0303
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

**SCANNED MW**          **ORIGINAL**

NON-CERTIFIED COPY

*CITATION WITH DISCOVERY*



D118067

IRMA WALKER

VS

WINN-DIXIE STORES INC



CLERK OF COURT

DOCKET NUMBER: C-20220000258
*Division:* D
*21ˢᵗ Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

To: *WINN-DIXIE MONTGOMERY LLC*
THROUGH THEIR REGISTERED AGENT
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA
70802

*Parish of EAST BATON ROUGE*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within thirty (30) days after the service hereof, under penalty of default.*

*This service was requested by* HEMMER, MATTHEW *and was issued by the Clerk of Court on* FEBRUARY 1, 2022.

<u>Pleading Served</u>
*PETITION FOR DAMAGES & REQUESTS FOR ADMISSION, INTERROGATORIES and REQUESTS FOR PRODUCTION*



_____
Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA
2022 FEB 22 AM 8:15

---

### *Service Information*

*Received on the* _____ *day of* _____, 20_____ *and on the* _____ *day of* _____, 20_____ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

*Returned:*
Parish of _____ *this* _____ *day of* _____, 20_____.

Service      $_____

Mileage     $_____          *By:* _____
                                            *Deputy Sheriff*

Total         $_____

I made service on the named party through the
CORPORATION SERVICE COMPANY

FEB 1 4 2022
by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0800
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

SCANNED
MW              ORIGINAL

NON-CERTIFIED COPY

Tangipahoa Parish Clerk of Court 20220000258
Filed Mar 24, 2022 9:01 AM D
Marquita Dyson
Deputy Clerk of Court

# ErlingsonBanks
Attorneys at Law

March 18, 2022

Gary Stanga, Clerk of Court
21st JDC, Tangipahoa Parish
110 N. Bay Street, Suite 100
Amite, LA 70422

RE: **Irma Walker v. Winn-Dixie Montgomery, L.L.C. and Winn-Dixie Stores, Inc.**
**Docket # 20220000258; Division D; 21st Judicial District Court; Parish of Tangipahoa**
**Our File Number: 2030.370**

Dear Clerk:

Enclosed please find the original and one copy of an Answer to Petition for Damages and a Request for Written notice to be filed on behalf of Winn-Dixie Montgomery, LLC. Please file the originals in the record of the Court, and return a file stamped copy to me in the envelope that I have enclosed for your convenience.

I enclose my firm's check in the amount of $85.00 to cover the fees due for filing these pleadings.

Thank you for your attention to this matter.

With kind regards, I remain

Very truly yours,

**ERLINGSON BANKS, PLLC**

Kaitlin A. Wall

/set
Enclosures
cc: Matthew D. Hemmer

GARY STAHGA
CLERK OF COURT
TANGIPAHOA PARISH, LA
2022 MAR 24 AM 9: 01

Erlingson Banks PLLC • One American Place • 301 Main Street • Ste. 2110 • Baton Rouge, LA 70801 • tel 225.218.4446 • fax 225.246.2876

Tangipahoa Parish Clerk of Court   20220000258
Filed Mar 24, 2022 9:01 AM          D
Marquita Dyson
Deputy Clerk of Court

**21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA**

**STATE OF LOUISIANA**

DOCKET # 20220000258                                              DIVISION D

**IRMA WALKER**

**VERSUS**

**WINN-DIXIE MONTGOMERY, LLC AND WINN-DIXIE STORES, INC.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REQUEST FOR WRITTEN NOTICE**

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of

Civil Procedure, you are hereby requested to send to us, as counsel of record for WINN-DIXIE

MONTGOMERY, LLC, written notice, by mail, at least ten (10) days in advance of any date

fixed for any trial or hearing on this case, whether on exceptions, rules, or on the merits thereof,

or any assignment or fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code

of Civil Procedure, you are hereby also requested to send to us immediate notice of any order or

judgment made or rendered in this case, upon the entry of such order or judgment.

This Request for Written Notice is made with full reservation of all rights and we thank

you for your customary courtesy and cooperation.

Respectfully submitted,

ERLINGSON BANKS, PLLC

BY:  *Kaitlin A. Wall*

MARY G. ERLINGSON (#19562)
JUDSON G. BANKS (#27369)
KAITLIN A. WALL (#39462)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801-1916
Telephone: (225) 218-4446
Fax: (225) 246-2876
merlingson@erlingsonbanks.com
jbanks@erlingsonbanks.com
kwall@erlingsonbanks.com
notices@erlingsonbanks.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Request for Written Notice* has this day been placed in the U.S. mail, postage prepaid, and properly addressed to counsel of record as follows:

> Irma Walker
> *Through her counsel of record*
> Matthew D. Hemmer
> Morris Bart, LLC
> 601 Poydras Street, 24th Floor
> New Orleans, LA 70130
> PH: 504-525-8000
> FX: 800-878-8937
> mhemmer@morrisbart.com

Baton Rouge, Louisiana, this 18th day of March, 2022.

_Kaitlin A. Wall_
Kaitlin A. Wall

2

Tangipahoa Parish Clerk of Court  20220000258
Filed Mar 24, 2022 9:01 AM          D
         Marquita Dyson
Deputy Clerk of Court



RECEIVED
APR 0 8 2022
2030.370

## 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

### STATE OF LOUISIANA

DOCKET # 20220000258                                    DIVISION D

### IRMA WALKER

### VERSUS

### WINN-DIXIE MONTGOMERY, LLC AND WINN-DIXIE STORES, INC.

*********************************************************************

### ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes WINN-DIXIE
MONTGOMERY, LLC, ("Defendant") made Defendant herein, which in answer to Plaintiff's
Petition for Damages, pleads as follows:

1.

Defendant denies the allegations contained in Paragraph I of Plaintiff's Petition.

2.

Defendant denies the allegations contained in Paragraph II of Plaintiff's Petition.

3.

The allegations contained in Paragraph III of Plaintiff's Petition are denied for lack of
sufficient knowledge or information to form a belief as to the truth of the allegations.

4.

The allegations contained in Paragraph IV of Plaintiff's Petition are denied.

5.

The allegations contained in Paragraph V of Plaintiff's Petition are denied.

6.

The allegations contained in Paragraph VI of Plaintiff's Petition are denied.

7.

The allegations contained in Paragraph VII of Plaintiff's Petition for Damages, including
all subparts are denied.

8.

The allegations contained in Paragraph VIII of Plaintiff's Petition for Damages, including
all subparts are denied.

2022 MAR 24  AM 9: 01
GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA

1

9.

The allegations contained in Paragraph IX of Plaintiff's Petition are denied.

10.

The allegations contained in Paragraph X of Plaintiff's Petition are denied.

11.

The allegations contained in Paragraph XI of Plaintiff's Petition are denied.

12.

The allegations contained in Paragraph XIII of Plaintiff's Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations.

13.

The final, unnumbered paragraph of Plaintiff's Petition for Damages contains a prayer for relief and therefore does not require a response. To the extent an answer is deemed necessary, Defendant denies any and all allegations contained therein, including all subparts. Defendant further denies any and all allegations, conclusions, and relief requested and/or set forth or prayed for elsewhere in Plaintiff's Petition for Damages.

## REQUEST FOR JURY TRIAL

14.

Defendant, in accordance with the Louisiana Code of Civil Procedure, Article 1733, demands a trial by jury if it is determined that Plaintiff's alleged damages exceed the requisite amount for a trial by jury pursuant to LSA C.C.P. Art. 1732.

## AFFIRMATIVE DEFENSES

NOW, FURTHER ANSWERING, Defendant specifically pleads the following affirmative defenses:

15.

Defendant denies that it or anyone for whom it may or could be held responsible, was guilty of any actionable fault which either proximately caused or contributed to the alleged damages suffered by the Plaintiff herein.

16.

The accident and injuries alleged herein were caused by the fault of third persons for whom Defendant is not responsible.

17.

Defendant avers that if Plaintiff sustained injuries in the manner alleged in the Petition, which injuries are specifically denied, then the alleged injury or injuries occurred solely through the fault, negligence and want of due care on the part of the Plaintiff in a number of respects, all of which will be shown at trial of this cause, and for which Plaintiff can have no recovery against Defendant herein, or, in the alternative, for which Plaintiff's recovery should be appropriately reduced; said negligence/fault being comprised of the following non-exclusive, particularized acts and/or failure to act, among others, to be more fully shown at the time of trial, to wit:

1.   Failure to mitigate damages;

2.   Failure to take evasive action to prevent damages;

3.   Failure to keep a proper lookout and being inattentive and distractive while in the store;

4.   Failure to avoid open and obvious conditions on the incident date;

5.   Failure to exercise due and reasonable care; and

6.   In general, failure to do what should have been done and to see what should have been seen in order to prevent or mitigate the alleged damages made the subject of this suit.

18.

Alternatively, and only in the event that this Court should find and hold that Defendant or anyone for whom they might or could be held responsible were guilty of any actionable fault (which is denied), then and in that event only, Plaintiff's damages should be barred or proportionately reduced because of the comparative fault of Irma Walker which fault is described in the following non-exclusive particulars:

1.   Failing to see what she could have and should have seen;

2.   Failing to keep a proper lookout; and

3.   Other acts of negligence which will be proven at the trial hereof;

The foregoing acts and conduct constitute the defense of comparative negligence which is specifically pled in limitation to or bar of Plaintiff's rights to recover alleged damages herein.

19.

Defendant herein exercises reasonable care to keep its aisles, passageways and floors in a reasonable safe condition.

20.

Defendant herein exercises reasonable effort to keep its premises free of hazardous conditions.

21.

In further answering, Defendant expressly avers, adopts and pleads any and all affirmative defenses recognized in Article 1005 of the Louisiana Code of Civil Procedure, as if copied herein *in extenso*.

**WHEREFORE,** Defendant, WINN-DIXIE MONTGOMERY, LLC, prays that after all due proceedings have been had, there be judgment rendered herein in its favor, and against Plaintiff, IRMA WALKER, rejecting and denying Plaintiff's demands with prejudice at Plaintiff's costs, and for all such other relief as it is entitled at law or in equity.

Respectfully submitted,

**ERLINGSON BANKS, PLLC**

BY: _____

MARY G. ERLINGSON (#19562)
JUDSON G. BANKS (#27369)
KAITLIN A. WALL (#39462)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801-1916
Telephone: (225) 218-4446
Fax: (225) 246-2876
merlingson@erlingsonbanks.com
jbanks@erlingsonbanks.com
kwall@erlingsonbanks.com
notices@erlingsonbanks.com

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing *Answer to Petition for Damages* has this day been sent by electronic mail and/or placed in the U.S. mail, postage prepaid, and properly addressed to:

> Irma Walker
> *Through her counsel of record*
> Matthew D. Hemmer
> Morris Bart, LLC
> 601 Poydras Street, 24th Floor
> New Orleans, LA  70130
> PH: 504-525-8000
> FX: 800-878-8937
> mhemmer@morrisbart.com

Baton Rouge, Louisiana, this 18th day of March, 2022.

_____
Kaitlin A. Wall

5

# CIVIL CASH RECEIPT

**TANGIPAHOA PARISH**
**CLERK OF COURT**

Date _3-24-22_

Name _Erlingson Banks_

Credit Card _____

CASH                    CHECK # _10927_

| SUIT NO. | AMOUNT |
|----------|--------|
| 2022 - 258 | |
| | |

| SUIT NAME | |
|-----------|--|
| I. Walker | |
| vs | |
| Winn Dixie | |
| **PAID** | |
| | 85- |

RECEIVED
APR 0 8 2022
2030.370

**DEPUTY CLERK** _____

300842